## In the matter of Michael C. BRATCHER, Respondent.

### No. 49S00–1602–DI–90.

Supreme Court of Indiana.

March 21, 2016.

### Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** While an undergraduate student, Respondent was issued a citation in Wisconsin for retail theft. Respondent admitted culpability to law enforcement personnel responding to the incident, he did not contest the charge in court, and a default judgment was entered

against him. Thereafter, Respondent falsely described this incident in his law school applications, and later in his Indiana and Illinois bar admission applications, as one involving a "skit" performed without criminal intent and with the prior approval of store personnel. Respondent eventually admitted these falsehoods and reported his misconduct to the Commission after being confronted by authorities in Illinois with the police report and other records of the incident.

The parties cite Respondent's pattern of misconduct and dishonest or selfish motive as facts in aggravation. In mitigation, the parties cite Respondent's lack of prior discipline, his self-reporting to the Commission and to the law schools he attended, his cooperation with the Commission, and Respondent's loss of employment following the revelation of his falsehoods.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.1(a): Knowingly making a false statement of material fact to the Board of Law Examiners in connection with a bar admission application.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**Discipline:** The parties propose the appropriate discipline is a suspension of 18 months without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 18 months, without automatic reinstatement, effective immediately.** At the conclusion of the minimum period of suspension, Re-

spondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent.

All Justices concur, except DICKSON, J., who dissents, believing the respondent should be precluded from seeking reinstatement.